GOTTESMAN *v.* UNITED SAVINGS BANK.

1. APPEAL AND ERROR—SUPREME COURT—RECORD—TRANSCRIPT OF TESTIMONY—AMENDMENT.

The Supreme Court follows the transcript of testimony in the record of a case on appeal as settled by the circuit judge and counsel may not claim otherwise unless the record is amended and so settled by the circuit judge.

2. Mechanics' Liens—Subcontractors—Waiver—Sworn State-
ment.

   A claimed reservation upon the use of subcontractor's waiver of
   mechanic's lien was of no effect unless brought to the attention
   of the bank previous to bank's payment of general contractor
   of amount shown due by latter's sworn statement of amount
   due such subcontractor.

3. Same—Waiver—Subcontractors—Burden of Proof—Notice to
Mortgagee.

   Subcontractor seeking to foreclose a mechanic's lien for plumb-
   ing installed in house upon which defendant bank had made a
   construction loan had burden of proof of showing that notice
   that waiver of lien plaintiff had executed was to be used by
   bank only in case plaintiff's account was paid in full and,
   under record presented, where such notice is not shown to have
   been given bank before making payment to general contractor
   for subcontractor of a lesser amount shown due subcontractor
   by general contractor's sworn statement, plaintiff's burden was
   not met.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted October 3, 1939. (Docket No. 20, Calen-
dar No. 40,684.) Decided December 20, 1939.

Bill by William Gottesman, doing business as
Monica Plumbing & Heating Company, against
United Savings Bank and others to foreclose a me-
chanic's lien. From decree rendered, defendant
bank appeals. Reversed.

*Harold M. Silverston,* for plaintiff.

*Fildew & DeGree,* for defendant.

Wiest, J.   This is an appeal from a decree grant-
ing foreclosure of a mechanic's lien.

William H. Sheridan and wife owned a lot upon
which they desired to have a residence built, and to
that end entered into a construction contract with

Franklin Forsgren and, to finance the undertaking, gave the United Savings Bank a so-called ''construction mortgage,'' under which the bank was to supervise and make construction payments.

Mr. Forsgren, as principal contractor, sublet the plumbing to William Gottesman, doing business as Monica Plumbing & Heating Company, plaintiff herein. After the plumbing was practically all installed, plaintiff signed and handed to Mr. Forsgren the following waiver of any lien:

''Know all men by these presents, That the undersigned a Michigan corporation Monica Plumbing & Heating Co. for and in consideration of the sum of one dollar and other good considerations paid to the undersigned, receipt whereof is hereby acknowledged, does hereby surrender and release any and all claims and

right of lien which —————— $\frac{\text{has}}{\text{labor}}$ have or may have for material furnished or to be furnished for the construction, erection, alteration of the building situated on the premises described as lot 2431 Pinehurst of which premises F. Forsgren is the owner.

''Signed, sealed and delivered this 20th day of Nov., A. D., 1936.

''Monica Plumbing & Heating Co.<br>''By WM. GOTTESMAN.''

Mr. Forsgren took the waiver to defendant bank and also furnished the bank with his sworn statement as principal contractor of amounts paid and due various subcontractors, materialmen and laborers, in which the amount due plaintiff was stated to be the sum of $250.

On November 21, 1936, the bank, under its agency for plaintiff, gave Mr. Forsgren its check for $250, and Mr. Forsgren paid that amount to plaintiff.

On February 5, 1937, plaintiff filed a claim of lien for $355, claiming that sum to be due after crediting $260. Under the bill to foreclose such claimed lien the bank set up the mentioned waiver.

Proofs were taken before a circuit court commissioner; the court found as reported by the commissioner:

"That prior to November 21, 1936, plaintiff did give to the said Forsgren a waiver of lien and that the said delivery of the said waiver of lien was with the understanding that the same would be delivered to the bank, and he, the said plaintiff, would receive the amount owing to him in full and subsequent thereto he did receive the $260. * * *

"That Mr. Gottesman, plaintiff herein, talked with an employee of defendant bank and advised him he had not received his money in full and was informed by the said bank employee that the matter was not entirely straightened out yet; that there was no intention on the part of the plaintiff to waive his lien but that the said waiver was given with the understanding that he was to receive the amount owing to him in full."

The commissioner found:

"As a matter of law there was not a waiver of lien by plaintiff."

Counsel for plaintiff contends that the bank was notified before payment to the contractor not to use the waiver unless the amount of the contract was paid. This contention is based upon an assertion we cannot consider. The record shows the following testimony by Mr. Gottesman: that he delivered the waiver and sworn statement to Mr. Forsgren on November 20, 1936, with the understanding that when Forsgren got the money from the bank he would get it; that the following day he went to the

bank and told Mr. Stevenson "the sworn statement, the lien, Mr. Forsgren, but I also told him the amount of our contract."

At that point there appears in the printed record the following insertion:

"(Although the transcript of testimony shows the foregoing answer, Mr. Silverston contends the answer should read as follows:

"*A.*  I told Mr. Stevenson that I gave the sworn statement and waiver of lien to Mr. Forsgren, and I also told him not to use it unless the amount of our contract was paid.)"

We follow the record and, unless amended and so settled by the circuit judge, counsel may not claim otherwise.  The claimed reservation upon use of the waiver was, if true, of no effect unless brought to the attention of the bank previous to payment authorized by its express terms.

The burden was on plaintiff to establish such notice, if any, and under the record it cannot be held to have been met.

The record is persuasive that the bank paid the money on the waiver in good faith before notice of any claimed limitation.  This renders it unnecessary to pass upon the question of whether the claim of lien was filed in due season.

The decree is reversed, and the bill dismissed, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.